# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

HASAN MALIK DAVIS,

Plaintiff,

v.

STATE OF NEVADA,

Defendant.

Case No. 3:22-CV-00388-MMD-CLB

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE[1]**

On August 29, 2022, Plaintiff Hasan Malik Davis ("Davis") filed a "motion to dismiss charge" (ECF No. 1-1). Davis did not, however, submit a complaint, or file an application to proceed *in forma pauperis* or alternatively pay the full $402 filing fee. Thus, on August 31, 2022, the Court ordered Davis to file a complaint and fully completed application to proceed *in forma pauperis*, or in the alternative, pay the full $402 filing fee for this action. (ECF No. 3.)

Davis timely complied with the order by filing an application to proceed *in forma pauperis* and a complaint. (ECF Nos. 5, 6, respectively.) On October 6, 2022, Davis filed a notice of change of address indicating he is no longer incarcerated at the Washoe County Detention Facility. (ECF No. 7.)

Thus, the Court denied the application to proceed *in forma pauperis* for inmates (ECF No. 5) as moot because Davis was no longer incarcerated. (ECF No. 8.) The Court directed Davis to file an application to proceed *in forma pauperis* by a non-inmate or pay the full filing fee of $402 by November 14, 2022. (*Id.*) The Court cautioned Davis that his failure to timely comply with the order would result in a recommendation that the case be dismissed. (*Id.*) Instead of complying with the Court's order, Davis filed a "motion to suppress and dismiss charges." (ECF No. 9.) To date, Davis has not complied with the Court's order.

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A Court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a Court's warning to a party that his failure to obey the Court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d

at 1424. The Court's order expressly stated: "if Davis does not timely comply with all aspects of this order, dismissal of this action will result." (ECF No. 8.) Thus, Davis had adequate warning that dismissal would result from his noncompliance with the Court's order.

Accordingly, it is recommended that this action be dismissed without prejudice based on Davis's failure to pay the filing fee or file a fully complete application to proceed *in forma pauperis* in compliance with this Court's October 14, 2022 order (ECF No. 8). It is also recommended that Davis's motion to suppress, (ECF No. 9), be denied as moot.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**I.  RECOMMENDATION**

For the reasons stated above, **IT IS RECOMMENDED** that this action be **DISMISSED** without prejudice;

**IT IS FURTHER RECOMMENDED** that Davis's motion to suppress, (ECF No. 9), be **DENIED as moot**; and,

**IT IS FURTHER RECOMMENDED** that the Clerk of Court **ENTER JUDGMENT** accordingly.

**DATED**: November 17, 2022   .

_____
**UNITED STATES MAGISTRATE JUDGE**